UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CARUSO, | No. 2:16-cv-2902-TLN-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff Steven Caruso, proceeding without counsel, initially commenced this action on December 9, 2016, and paid the filing fee. (ECF No. 1.) Thereafter, on December 27, 2016, plaintiff filed the operative first amended complaint. (ECF No. 4.) The court's record shows that a summons based on the first amended complaint was issued and served on plaintiff by mail on December 28, 2016. (ECF No. 5.) There have been no subsequent filings in the case.

In the first amended complaint, plaintiff names as defendants the United States of America, the United States Department of Health and Human Services, the National Institute of Health, the National Science Foundation, the Federal Communications Commission, and the National Human Genome Research Institute, along with Doe defendants. (ECF No. 4.) According to plaintiff, various federal actors (including employees and grant awardees) have illegally consented to the use of plaintiff's person and body for medical research and behavioral

1

science experiments, labeling plaintiff as a "U.S. government experimental subject." (Id.) The complaint is replete with allegations of artificial intelligence, electronic monitoring, biological trade secrets, social engineering, and physical/psychological torture. (Id.)

No proof of service was filed in the record, and no defendant has yet appeared in the action. As such, it seems quite likely that plaintiff never properly served defendants with process. Additionally, plaintiff failed to file a status report prior to the status conference as ordered. (ECF No. 3.) However, plaintiff appeared at the status conference and responded to the court's questioning.

If the only defects in plaintiff's case had been his failure to complete service of process and failure to file a status report prior to the status conference, the court would have been strongly inclined, in light of plaintiff's *pro se* status, to provide plaintiff with an opportunity to cure such defects. Nevertheless, after carefully reviewing the allegations of plaintiff's first amended complaint, the court concludes that it lacks subject matter jurisdiction over the action under the substantiality doctrine.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v.

Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

The court finds that the allegations of plaintiff's first amended complaint, as outlined above, are implausible, devoid of merit, and unsubstantial. At the hearing, the court, especially in light of plaintiff's *pro se* status, questioned plaintiff regarding the nature of his claims and provided plaintiff with a further opportunity to better articulate them. However, plaintiff simply made additional implausible allegations regarding being a computer science experimental subject and the focus of a large conspiracy involving attorneys, pharmaceutical companies, and faculty from various academic institutions in Humboldt County. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

---

[1] The court emphasizes that the foregoing observations are not intended insult or disparage plaintiff. The court has no doubt that plaintiff truly believes that he experiences the alleged actions or phenomena. However, the court concludes that plaintiff's allegations do not plausibly invoke this court's subject matter jurisdiction.

3

Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: April 21, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4